MEMORANDUM **
Raed Arook appeals his conviction for illegal entry by an alien in violation of 8 U.S.C. § 1325(a). He contends that he did not enter the United States free from “official restraint” and that the government therefore failed to prove the elements of illegal entry beyond a reasonable doubt. We review de novo the district court’s denial of a motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, see United States v. Ruiz-Lopez, 234 F.3d 445, 447-48 (9th Cir.2000), and we affirm.
Viewing the evidence in the light most favorable to the prosecution, United States v. Zavala-Mendez, 411 F.3d 1116, 1118 (9th Cir.2005), there was a lapse in official observation by U.S. officials between the time Arook passed from the view of U.S. border cameras and the time Agent Pohjonen arrived and took Arook into custody, see United States v. Hernandez-Herr era, 273 F.3d 1213, 1219 (9th Cir. 2001) (holding that even a very brief lapse in official observation is sufficient to establish entry).
That Arook may have been observed by an off-duty, Canadian border official has no bearing on our decision. To constitute official restraint, the constant surveillance must be by “governmental authorities.” United States v. Castellanos-Garcia, 270 F.3d 773, 775 (9th Cir.2001); Hernandez-Herrera, 273 F.3d at 1219. In the context of enforcing U.S. immigration laws, “governmental authorities” clearly means authorities of the U.S. government. The independent actions of a non-U.S. citizen (who happened to be an off-duty, foreign official) in reporting a crime cannot be imputed to the U.S. government as an official action. And, even if those actions were imputable to the U.S. government, the foreign official’s observations were not constant.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.